1  CHARLES H. JUNG (SBN 217909)
   NASSIRI & JUNG LLP
2  251 Kearny Street, Suite 501
   San Francisco, California 94108
3  Telephone: (415) 373-5699
   Facsimile: (415) 534-3200
4  cjung@nassiri-jung.com

5  Attorneys for Defendant
   NAVAGILITY, LLC

6

7

8

9               UNITED STATES DISTRICT COURT

10            NORTHERN DISTRICT OF CALIFORNIA

11               SAN FRANCISCO DIVISION

12                                    )
                                      )  Case No. 08-CV-2371 MEJ
13                                    )
                                      )  **NAVAGILITY, LLC'S NOTICE OF**
14 TOM AZZARELLO,                     )  **MOTION AND MOTION TO DISMISS**
                                      )  **FOR LACK OF PERSONAL**
15              Plaintiff,            )  **JURISDICTION AND IMPROPER VENUE**
                                      )  **PURSUANT TO FED. R. CIV. P. 12(B)(2)**
16      v.                            )  **AND (3)**
                                      )
17 NAVAGILITY LLC,                    )  MAGISTRATE JUDGE
                                      )  MARIA ELENA-JAMES
18              Defendant.            )
                                      )  DATE:   July 10, 2008
19                                    )  TIME:    10:00 a.m.
                                      )  COURTROOM B, 15th Floor
20 _____)

21

22

23

24

25

26

27

28

## <u>TABLE OF CONTENTS</u>

NOTICE OF MOTION AND MOTION ....................................................................3

memorandum of points and authorities ..........................................................5

FACTUAL BACKGROUND .............................................................................6

   A. NavAgility Is a New York Limited Liability Corporation With Insignificant Contacts  With California ...............................................................................6

LEGAL ANALYSIS .........................................................................................8

   A. Azzarello Bears The Burden Of Proof on Jurisdictional Issues.......................8

   B. As Azzarello's Claims Lack Any Meaningful Nexus With NavAgility's Limited Contacts With California, No Personal Jurisdiction Obtains...................9

   C. There Is Insufficient Basis for the Assertion of General Jurisdiction Against NavAgility ..........................................................................................11

   D. Venue in the Northern District of California Is Improper..............................12

   E. Alternatively, Equitable Considerations Mandate a Transfer of This Action to New York ..........................................................................................13

CONCLUSION ...............................................................................................13

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

### Cases

Aquila, Inc. v. Superior Court, 155 Cal. Rptr. 3d 803, 814-16 (2007) ........................................ 10

AT&T Corp. v.  Compagnie Bruxelles Lambert, 94 F.3d 586, 588 (9th Cir. 1996) ..................... 8

Bancroft & Masters, Inc. v. Augusta Nat'l Inc., 223 F.3d 1082, 1086 (9th Cir. 2000) ............... 11

Brand v. Menlove Dodge, 796 F.2d 1070, 1073 (9th Cir. 1986) ............................................... 11

Carolina Casualty Co. v. Data Broadcasting Corp., 158 F. Supp. 2d 1044, 1047-49 (N.D. Cal. 2001) ............................................................................................................................... 13

Chi Shun Hua Steel Co. Ltd. v. Novelly, 759 F. Supp. 595, 597 ................................................ 9

Costco Wholesale Corp. v. Liberty Mutual Insurance Co., 472 F. Supp. 2d 1183, 1194-95 (S.D. Cal. 2007) ......................................................................................................................... 13

Federal Deposit Ins. Corp. v. British-American Ins. Co. Ltd., 828 F.2d 1439, 1441 (9th Cir. 1987) ............................................................................................................................... 9

Flynt Distributing Co. v. Harvey, 734 F.2d.1389, 1392 (9th Cir. 1984) .................................... 8

Giles v. Custom Creative Plastics, 2007 WL 4415633 ............................................................. 12

Helicopteros Nacionales de Colombia, S.A. v Hall, 466 U.S. 408, 414-16 (1984) ..................... 11

International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) .............................................. 10

Kaiser Aetna v. I.C.Deal, 86 Cal. App. 3d 896, 902, 150 Cal. Rptr. 615 (1978) ........................ 12

Myers v. Am. Dental Assoc., 695 F.2d 716, 724-25 (3d Cir. 1982) ............................................ 12

Pacific Atl. Trading Co. v. MN Main Express, 758 F.2d 1326, 1327 (9th Cir. 1985) .................. 9

Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 801 (9th Cir. 2004) ......................... 11

Wells Fargo & Co. v. Wells Fargo Express Co., 556 F.2d 406, 413 (9th Cir. 1977) ................... 11

Wenz v. Memery Crystal, 55 F.3d 1503, 1505 (10th Cir. 1995) ................................................ 8

### Statutes

28 U.S.C. § 1391(a)(2003) ...................................................................................................... 12

28 U.S.C. § 1406 ..................................................................................................................... 12

28 U.S.C. § 1406(a) ................................................................................................................. 13

28 U.S.C. § 1404(a) ................................................................................................................. 13

Cal. Code Civ. Proc. ¶ 410.10 ................................................................................................. 9

### Federal Rules

Fed. R. Civ. P. 12(b) ............................................................................................................... 12

## NOTICE OF MOTION AND MOTION

NOTICE IS HEREBY GIVEN TO all parties and their attorneys of record that on July 10, 2008 at 10:00 a.m. or as soon thereafter as the matter may be heard, in Courtroom B of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, 15th Floor, San Francisco, California 94102, defendant NavAgility, LLC ("NavAgility") will and hereby does move this Court to dismiss the Complaint against it filed by Tom Azzarello ("Azzarello") because there is a lack of proper personal jurisdiction against NavAgility. Accepting Azzarello's allegations as true, a sufficient basis has not been stated to comply with either the California Long Arm Statute or Constitutional due process standards.

In further support of this Motion, NavAgility avers and asserts as follows:

1.      Specific jurisdiction pursuant to the California Long Arm Statute is improper because, *inter alia*, not only are NavAgility's contacts with California limited and attenuated, but there is no nexus between Azzarello's cause of action and NavAgility's alleged contacts. Further, there is no "general" jurisdiction because NavAgility's contacts with the forum are neither systematic nor continuous.

2.      At minimum, a transfer of venue to New York is appropriate pursuant to 28 U.S.C. ¶ 1404.  Most, if not all, of the pertinent documents and witnesses are located outside of California.  NavAgility fears that it will be unable to compel trial attendance by subpoena and will be seriously prejudiced if it has to litigate in a forum where it has a minimum of business ties.

The motion is based on this notice of motion and memorandum of points and authorities and supporting Declaration of Anthony M. DiMarco filed concurrently herewith, the papers, records and file herein, and all such evidence or argument as may be presented at the hearing of the motion.

WHEREFORE, NavAgility requests that the Court enter an order:

1.      Dismissing the Complaint against NavAgility;

2.      Awarding NavAgility its costs, including reasonable attorneys' fees incurred relative to the Motion; and

3.      Providing such other and further relief as is necessary and just.

Dated:  May 30, 2008.                              Respectfully submitted,

NAVAGILITY, LLC
By Its Attorneys,

/s/ Charles H. Jung

Charles H. Jung
NASSIRI & JUNG LLP
251 Kearny Street, Suite 501
San Francisco, California 94108
Telephone:  (415) 373-5699
Facsimile:  (415) 534-3200
cjung@nassiri-jung.com

NAVAGILITY, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND
IMPROPER VENUE PURSUANT TO FED. R. CIV. P. 12(B)(2) AND (3)
CASE NO. 08-CV-2371 MEJ

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff Tom Azzarello ("Azzarello") has brought this action against defendant NavAgility, LLC ("NavAgility") in a forum apparently chosen to increase NavAgility's cost of litigation and to deny NavAgility fair opportunity to mount a defense.  As an initial matter, no personal jurisdiction obtains over NavAgility, a New York Limited Liability Corporation, which does not directly target or solicit business in California.  And not only does NavAgility have, at most, random and fortuitous contacts with California, but the gravamen of Azzarello's action concerns people, places and businesses foreign to California.

NavAgility has no employees, business facilities, offices, or bank accounts in California.  And NavAgility has never had clients in California.  Furthermore, NavAgility lacks significant direct dealings with either Azzarello or with California.  There is no nexus between Azzarello's claims and NavAgility, and no purposeful minimum contacts by NavAgility with California.  Azzarello's choice of forum fails to meet the basic Constitutional requirements for the exercise of personal jurisdiction over NavAgility.  Additionally, venue is improper as NavAgility has no ties with California and a substantial part of the relevant event and issues occurred not in California but in New York.

Alternatively, if venue is proper, numerous equitable considerations mandate transfer to the United States District Court for the Southern District of New York.

**NAVAGILITY, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE PURSUANT TO FED. R. CIV. P. 12(B)(2) AND (3)**
**CASE NO. 08-CV-2371 MEJ**

# FACTUAL BACKGROUND

### A.    NavAgility Is a New York Limited Liability Corporation With Insignificant Contacts With California

As best as can be determined from the Complaint ("Complaint"), Azzarello seeks to recover from NavAgility funds purportedly owed him by NavAgility.  (See, e.g., Complaint ¶ 8.) According to the Complaint, NavAgility's alleged debt has its genesis in an investment Azzarello made in a New York-based business.  (Complaint ¶ 3.)

Anthony M. DiMarco ("DiMarco"), who is a New York resident, is President and Managing Member of NavAgility. (Declaration of Anthony M. DiMarco in Support of NavAgility LLC's Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue Pursuant to Fed. R. Civ. P. 12(b)(2) and (3) ("DiMarco Decl.") ¶ 2.  NavAgility is a limited liability company duly organized pursuant to the laws of New York and maintains a principal place of business in Poughkeepsie, Dutchess County, New York.  (Id.; Complaint ¶ 3.)  No offices, facilities or employees exist outside of New York.  (Id.)

NavAgility is not registered to do business in California.  (Id. ¶ 4.)  NavAgility has neither employees nor business facilities in California (nor, for that matter, outside of New York).  (Id.)  NavAgility does not maintain bank accounts in California.  NavAgility does not have—and has never had—an office in California.  And NavAgility has not made any corporate filings with the Secretary of State of California and does not file any tax returns there.  (Id.)

NavAgility is privately held company.  (Id. ¶ 4)  At the time of the transaction at issue in the Complaint, as well as now, NavAgility has been owned by thirty-four (34) investors.  The owners of 97.86% of NavAgility, including DiMarco, live in New York.  (Id.)  This group is comprised of thirty-two (32) investors.  (Id.)  One investor, owning 0.73% of the equity, lives in New Jersey.  (Id.)  The sole other investor—owning only 1.41% of the equity—is plaintiff Azzarello, who purports to live in Contra Costa, California.  (Id.)

For all of 2007 and, to date, of 2008, NavAgility has had revenue of approximately $175,000.00.  (Id. ¶ 5.)  On information and belief, none of that revenue was from California.

1    (Id.)  In fact, ninety-seven percent (97%) of NavAgility's revenue for that period was derived

2    from customers and clients in New York.  (Id.)  And NavAgility does not have—and has never

3    had—any clients in California.  (Id.)

4         On or about April 4, 2007, NavAgility sought to obtain bridge loan financing from its

5    already existing investors.  The concept for this bridge loan was conceived and implemented by

6    NavAgility's executives in New York.  (Id. ¶ 6.)  Of the total of seven (7) investors who chose to

7    participate in the bridge loan opportunity, six (6) reside in New York.  Azzarello, who is the only

8    one who does not live in the metropolitan New York area, purports to reside in California.  (Id.)

9         NavAgility did not target or advertise for investors in California nor did it ever retain an

10   employer or banker to seek out any financing from California's residents.  (Id. ¶ 7.)  Rather,

11   Azzarello learned from his brother, a former NavAgility executive, that NavAgility was seeking

12   bridge loan financing.  (Id.)  Thus, Azzarello's averment in paragraph 3 of the Complaint that

13   NavAgility "reached out to [Azzarello], knowing that he resided in California" is misleading.

14   Azzarello learned of NavAgility's need for a bridge loan from his brother and then actively

15   sought to be one of the participants. (Id.) The NavAgility Bridge Loan Letter of Acceptance

16   dated April 4, 2007 is a form letter to all those prior investors of the company who had expressed

17   interest in participating in the opportunity to assist NavAgility pursuant to terms that were most

18   generous to such investors.  (Id.)  The Letter dated April 4, 2007—attached to and incorporated

19   into Azzarello's Complaint—is addressed with the generic salutation "Dear Investors."  This

20   letter was not a personalized approach to any specific investor nor was it a solicitation from the

21   general public.  (Id.)

22        The Complaint is also misleading to the extent in implies Azzarello made a simple loan

23   to NavAgility, purportedly memorialized solely by the one page "Dear Investor" letter appended

24   to the Complaint.  In fact there are other documents, as well as witness testimony, demonstrating

25   that the investors and NavAgility agreed and understood that NavAgility had the option of

26   paying its bridge loan investors back with equity if doing so were deemed in NavAgility's best

27

28

interest. (<u>Id.</u> ¶ 8.)  Thus, adjudication of this matter is not only critical to NavAgility but it will directly affect the rights and claims of all of the seven (7) investors, six (6) of whom reside and work in New York.  Not only is New York law applicable but decisions concerning NavAgility's investors and the treatment of its debt and equity components will have great impact on the shareholders and employees of NavAgility, none of whom are believed to have ties to California. (<u>Id.</u>)

As it maintains no records and has no employees in California, it would constitute a hardship for NavAgility to litigate this matter there.  (<u>Id.</u> ¶ 9.)  This is particularly true in that, other than Azzarello, all witnesses necessary to the prosecution of defense of this claim are located in New York.  Such witnesses include, without limitation the following potential witnesses: Richard Azzarello, Lawrence Holfeder, David Hawthorne, Stanley Schutzman and John Jermyn.  (<u>Id.</u>)  On information and belief, all of the delineated witnesses reside in New York.  Moreover, some are investors similar to Azzarello and may be affected by any rulings in the instant case.  Additionally, to the extent that there may be any debt between Azzarello and NavAgility, it does not make sense to litigate such matter in California because, among other factors, all pertinent records and documents are located in New York.  (<u>Id.</u>)

## LEGAL ANALYSIS

### A.    Azzarello Bears The Burden Of Proof on Jurisdictional Issues

When a court's jurisdiction is contested, the plaintiff bears the burden of proving that jurisdiction is appropriate. <u>Flynt Distributing Co.</u> v. <u>Harvey</u>, 734 F.2d.1389, 1392 (9th Cir. 1984).  To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2), the plaintiff must establish sufficient facts to assert personal jurisdiction.  To establish a prima facie case that personal jurisdiction is proper in the face of affidavits submitted by the defendant, the plaintiff must submit affidavits of its own putting the relevant facts at issue. <u>AT&T Corp.</u> v. <u>Compagnie Bruxelles Lambert</u>, 94 F.3d 586, 588 (9th Cir. 1996).  Additionally, the court need not assume the truth of conclusory allegations. <u>Wenz</u> v. <u>Memery Crystal</u>, 55 F.3d 1503, 1505 (10th Cir. 1995).

**B.    As Azzarello's Claims Lack Any Meaningful Nexus With NavAgility's Limited Contacts With California, No Personal Jurisdiction Obtains**

Azzarello's assertion of personal jurisdiction over NavAgility is improper. As discussed, *supra*, NavAgility's contacts with California are minimal. Moreover, the events and transactions at issue have little, if any, nexus with California. Further, any decisions rendered on the terms of the bridge loan financing will have tremendous effect on investors who bear no affiliation with California.

To establish personal jurisdiction over defendants, plaintiffs must first show that the forum state's jurisdictional statute confers personal jurisdiction over defendants, and that the exercise of such jurisdiction "accords with federal constitutional principles of due process." Federal Deposit Ins. Corp. v. British-American Ins. Co. Ltd., 828 F.2d 1439, 1441 (9th Cir. 1987). California's "long arm" statute extends jurisdiction to the maximum extent permitted by due process. See Cal. Code Civ. Proc. ¶ 410.10 ("on any basis not inconsistent with the Constitution of this state or the United States".) Since California's constitution imposes no greater restriction on jurisdiction than the federal Constitution, federal courts in California may exercise jurisdiction to the fullest extent sanctioned by due process. Chi Shun Hua Steel Co. Ltd. v. Novelly, 759 F. Supp. 595, 597 (N.D. Cal. 1991). Accordingly, the jurisdictional inquiries under state law and constitutional due process principles can be conducted simultaneously. Pacific Atl. Trading Co. v. MN Main Express, 758 F.2d 1326, 1327 (9th Cir. 1985).

In the Complaint, Plaintiffs aver that "[p]ersonal jurisdiction is proper in this District because Defendant NavAgility, through its officer, director and majority shareholder, Anthony Di Marco…reached out to Plaintiff knowing that he resided in California…and because Defendants accepted a loan from Plaintiff, knowing that the loan was being made in and from California." (Complaint ¶ 4.) No mention is made of any putatively relevant section of the California long arm statute.

"Specific jurisdiction" obtains if the defendant has "minimum contacts" with the forum state, and if the exercise of jurisdiction does not offend "traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).

Plaintiffs fail to meet the basic Constitutional standard for the exercise of personal jurisdiction over NavAgility. Due process imposes three requirements on the exercise of specific jurisdiction over out-of-state defendants; to begin, the defendant must have purposeful minimum contacts with the state, further, the exercise of jurisdiction must be reasonable under the circumstances, and third, plaintiff's claims must be related to the defendant's contacts. Pahlovich v. Superior Court, 29 Cal. 4th 262, 269 (2002) (citations omitted). In analyzing the exercise of specific jurisdiction over a nonresident defendant, courts must evaluate the burdens on the defendant of appearing in the forum. The forum state's interest in adjudicating the claim, the plaintiff's interest in convenient and effective relief with the forum, judicial economy and the shared interest of several states in furthering fundamental substantive social policies. Aquila, Inc. v. Superior Court, 155 Cal. Rptr. 3d 803, 814-16 (2007). The relief sought by Azzarello satisfies no prong of the due process test.

As discussed, *supra*, NavAgility maintains, at best, indirect and minimal business contacts within California. NavAgility has no physical "footprint" in the forum state. In no way can NavAgility be said to have purposefully availed itself of the protection of California or to have acquiesced to its jurisdictional powers. Not only was there no attempt by NavAgility to offer the loan to any Californians other than Azzarello but also it was Azzarello who sought to avail himself of investment opportunities in New York (with a company with which he was already affiliated). The financing proposal was created in New York by New York residents to develop funding for a New York entity.

Most importantly, however, the "cause of action" has no nexus with this forum. The sending of a form letter to Azzarello, as well as limited phone or email contact, were merely ministerial and were necessary solely as an accommodation to a prior investor. Random, isolated

or fortuitous contacts with the forum state simply do not pass constitutional muster.  Cassiar Mining Corp. v. Superior Court, 78 Cal. Rptr. 2d 167, 169 (1998).  Azzarello does not allege any connection between NavAgility's passive website and his decision to invest in a New York entity.

Finally, reasonableness dictates that the action be brought in New York.  This is not a case of an innocent consumer being lured into investing in a distant entity.  Azzarello prevailed upon NavAgility to include him in a New York based investment opportunity and, in fact, is the only investor from outside the metropolitan New York area.  Besides invoking New York law, the case will have repercussions felt, almost wholly, in the New York area.  As the majority of documents and witnesses are located in New York, it seems more sensible for Azzarello to prosecute his action in New York than for NavAgility to have to arrange for witnesses—not all of whom will be accommodating—to travel to California.

**C.**    **There Is Insufficient Basis for the Assertion of General Jurisdiction Against NavAgility**

Azzarello cannot meet the rigorous standards enunciated by the Ninth Circuit for establishing general jurisdiction.  "[T]he standard for establishing general jurisdiction is 'fairly high,'  Brand v. Menlove Dodge, 796 F.2d 1070, 1073 (9th Cir. 1986), and requires that the defendant's contacts be of the sort that approximate physical presence."  Bancroft & Masters, Inc. v. Augusta Nat'l Inc., 223 F.3d 1082, 1086 (9th Cir. 2000).  Further, to pass constitutional muster, the defendant must have "continuous and systematic general business contacts" with the forum state.  Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 801 (9th Cir. 2004).  Such contacts must necessarily include a persistent course of conduct or substantial revenue from goods in the forum.  Bancroft & Masters Inc., 223 F.3d at 1086; Wells Fargo & Co. v. Wells Fargo Express Co., 556 F.2d 406, 413 (9th Cir. 1977).  Moreover, the "minimum contacts" test requires a stronger connection between the defendant and the forum state to establish general jurisdiction than to show specific jurisdiction.  Helicopteros Nacionales de Colombia, S.A. v Hall, 466 U.S. 408, 414-16 (1984).

1    The Complaint provides no averment of systematic and continuous conduct by

2    NavAgility in California. At best, any such contact is unsystematic and sporadic. And the

3    Complaint does not even allege that NavAgility has an office in California, a bank account in

4    California, any physical presence in California nor any employees in California. Moreover, the

5    DiMarco Declaration testifies not only to NavAgility's utter lack of physical contact with

6    California but also provides that NavAgility's revenue from California is *de minimus*. (DiMarco

7    Decl. ¶ 5.) The Complaint fails to allege any facts sufficient to support a finding that NavAgility

8    has deliberately availed itself of this forum. In fact, all evidence points to the contrary.

9    A website, even if interactive, is not—without other factors—sufficient to sustain general

10   jurisdiction. <u>See</u>, <u>Giles</u> v. <u>Custom Creative Plastics</u>, 2007 WL 4415633 at *2; <u>Kaiser Aetna</u> v.

11   <u>I.C.Deal</u>, 86 Cal. App. 3d 896, 902, 150 Cal. Rptr. 615 (1978).

12   **D.    <u>Venue in the Northern District of California Is Improper</u>**

13   Venue in a diversity action is proper under 28 U.S.C. § 1391(a) in:

14   (1) A judicial district where any defendant resides, if all defendants reside in the
     same State, (2) a judicial district in which a substantial part of the events or
15   omissions giving rise to the claim occurred, or a substantial part of property that is
     the subject of the action is situated, or (3) a judicial district in which any
16   defendant is subject to personal jurisdiction at the time the action is commenced,
     if there is no district in which the action may otherwise be brought.
17

18   28 U.S.C. § 1391(a)(2003). When a party files a motion pursuant to Fed. R. Civ. P. 12(b)(3) and

19   28 U.S.C. § 1406, that party bears the burden of proving that venue is improper. <u>See</u> <u>Myers</u> v.

20   <u>Am. Dental Assoc.</u>, 695 F.2d 716, 724-25 (3d Cir. 1982). NavAgility meets that burden. Under

21   28 U.S.C. § 1406(a), "the district court of a district in which is filed a case laying venue in the

22   wrong…district shall dismiss, or in the interest of justice, transfer such case to any district…in

23   which it could have been brought." 28 U.S.C. § 1406(a). The connection between the instant

24   action and the United States District Court for the Southern District of New York, where

25   NavAgility and most of its investors reside, is strong. And it is beyond dispute that the action

26   could have been brought in that district. NavAgility is a New York limited liability company, its

27

28

**NAVAGILITY, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND**
**IMPROPER VENUE PURSUANT TO FED. R. CIV. P. 12(B)(2) AND (3)**
**CASE NO. 08-CV-2371 MEJ**

1   offices are in Poughkeepsie, Manhattan and Long Island, the investment funds from Azzarello

2   were sent to New York and the documents at issue were conceived and created in New York.

3       **E.    Alternatively, Equitable Considerations Mandate a Transfer of This Action
                to New York**

4

5           For the "convenience of parties and witnesses, in the interest of justice, a district court

6   may transfer any civil action to any other district or division where it might have been brought."

7   28 U.S.C. § 1404(a).   The delineated section displaces the common-law doctrine of *forum non*

8   *conveniens*.   Among the factors weighing heavily in favor of transfer of forum are "trial

9   efficiency" and the convenience of witnesses.   Costco Wholesale Corp. v. Liberty Mutual

10  Insurance Co., 472 F. Supp. 2d 1183, 1194-95 (S.D. Cal. 2007); Carolina Casualty Co. v. Data

11  Broadcasting Corp., 158 F. Supp. 2d 1044, 1047-49 (N.D. Cal. 2001).   Maintaining neither a

12  filing cabinet nor even a part-time employee in California, it is unlikely that relevant documents

13  are in California.   Similarly, other than the Azzarello—who purposefully chose to invest in a

14  New York business—there are not any witnesses in California.   In fact, the 6 other investors

15  similarly situated to Azzarello reside in New York.   Moreover, as NavAgility has no physical

16  presence in California, its witnesses and documents could not be subpoenaed to attend a trial in

17  California.   This would unfairly prejudice NavAgility in its ability to defend itself in this forum.

18  (Id. ¶ 9).

19                                    **CONCLUSION**

20

21          Because NavAgility lacks any direct dealings with either Azzarello or with California,

22  there is no Constitutionally sufficient nexus between Azzarello's claims and NavAgility, and

23  thus no grounds for the exercise of personal jurisdiction over NavAgility.   Additionally, even if,

24  *arguendo*, venue were proper in the Northern District of California, transfer to New York would

25  be both desirable and fair.   Accordingly, claims against NavAgility should be dismissed because

26  of a lack of personal jurisdiction.   Alternatively, venue should be transferred to the United States

27  District Court for the District of Southern District of New York.

28

1

2    Dated:  May 30, 2008.                          Respectfully submitted,

3                                                   NAVAGILITY, LLC
4                                                   By Its Attorneys,

5                                                       /s/ Charles H. Jung

6                                                   Charles H. Jung
                                                    NASSIRI & JUNG LLP
7                                                   251 Kearny Street, Suite 501
                                                    San Francisco, California 94108
8                                                   Telephone:  (415) 373-5699
                                                    Facsimile:  (415) 534-3200
9                                                   cjung@nassiri-jung.com

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NAVAGILITY, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND
IMPROPER VENUE PURSUANT TO FED. R. CIV. P. 12(B)(2) AND (3)
CASE NO. 08-CV-2371 MEJ**