CHARLES H. JUNG (SBN 217909)
NASSIRI & JUNG LLP
251 Kearny Street, Suite 501
San Francisco, California 94108
Telephone: (415) 373-5699
Facsimile: (415) 534-3200
cjung@nassiri-jung.com

Attorneys for Defendant
NAVAGILITY, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TOM AZZARELLO,

             Plaintiff,

v.

NAVAGILITY LLC,

             Defendant.

Case No. 08-CV-2371 MEJ

**DECLARATION OF ANTHONY M. DIMARCO IN SUPPORT OF NAVAGILITY, LLC'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE PURSUANT TO F.R.C.P. 12(B)(2) AND 12 (B)(3)**

Anthony M. DiMarco, on oath, deposes and states as follows:

1. This declaration is made in support of NavAgility, LLC's ("NavAgility") Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue Pursuant to Fed. R. Civ. P. 12(b)(2) and (3). This declaration is based upon facts known personally by me or upon such business records of NavAgility as are admissible in evidence. As to those averments made on information and belief, I believe them to be true.

2. I am founder, President and Managing Member of NavAgility. NavAgility is a limited liability company duly organized pursuant to the laws of New York and maintains a

- 1 -

principal place of business in Poughkeepsie, Dutchess County, New York. No offices, facilities or employees exist outside of New York.

3. NavAgility is not registered to do business in California. NavAgility has neither employees nor business facilities in California. NavAgility does not maintain bank accounts in California. NavAgility does not have—and has never had—an office in California. And NavAgility has not made any corporate filings with the Secretary of State of California and does not file any tax returns there.

4. NavAgility is a privately held company. At the time of the transaction at issue in the Complaint, as well as now, NavAgility has been owned by thirty-four (34) investors. The owners of 97.86 % of NavAgility, including myself, live in New York. This group is comprised of thirty-two (32) investors. One investor, owning 0.73% of the equity, lives in New Jersey. The sole other investor—owning 1.41% of the equity—is Thomas Azzarello ("Azzarello"), who purports to live in Contra Costa, California.

5. For all of 2007 and, to date, of 2008, NavAgility has had revenue of approximately $175,000.00. On information and belief, none of that revenue was from California. In fact, ninety-seven (97%) per cent of NavAgility's revenue for that period was derived from customers and clients in New York. And NavAgility does not have—and has never had—any clients in California.

6. On or about April 4, 2007, NavAgility sought to obtain bridge loan financing from its already existing investors. The concept for this bridge loan was conceived and implemented by NavAgility's executives in New York. Of the total of seven (7) investors who chose to participate in the bridge loan opportunity, six (6) reside in New York. Azzarello, who is the only one who does not, purports to reside in California.

7. NavAgility did not target or advertise for investors in California nor did it ever retain an employer or banker to seek out any financing from California's residents. Rather, Azzarello learned from his brother, a former NavAgility executive, that NavAgility was seeking bridge loan financing. Thus, Azzarello's averment in paragraph 3 of the Complaint that

- 2 -

NavAgility "reached out to [Azzarello], knowing that he resided in California" is misleading. Azzarello learned of NavAgility's need for a bridge loan from his brother and then actively sought to be one of the participants. I note that the NavAgility Bridge Loan Letter of Acceptance dated April 4, 2007 is a form letter to all those prior investors of the company who had expressed interest in participating in the opportunity to assist NavAgility pursuant to terms that were most generous to such in investors. The Letter dated April 4, 2007—attached to and incorporated into Azzarello's Complaint—is addressed with the generic salutation "Dear Investor." This letter was not a personalized approach to any specific investor nor was it a solicitation from the general public.

8.  The Complaint is also misleading to the extent it implies Azzarello made a simple loan to NavAgility, purportedly memorialized solely by the one page "Dear Investor" letter appended to the Complaint. In fact there are other documents, as well as witness testimony, demonstrating that the investors and NavAgility agreed and understood that NavAgility had the option of paying its bridge loan investors back with equity if doing so were deemed in NavAgility's best interests. Thus, adjudication of this matter are not only critical to NavAgility but it will directly affect the rights and claims of all of the seven (7) investors, six (6) of whom reside and work in New York. Not only is New York law applicable but decisions concerning NavAgility's investors and the treatment of its debt and equity components will have great impact on the shareholders and employees of NavAgility, none of whom are believed to have ties to California.

9.  As it maintains no records and has no employees in California, it would constitute a hardship for NavAgility to litigate this matter there. This is particularly true in that, other than Azzarello, all witnesses necessary to the prosecution or defense of this claim are located in New York. I believe such witnesses to include, without limitation the following potential witnesses: Richard Azzarello, Lawrence Holfelder, David Hawthorne, Stanley Schutzman, and John Jermyn. On information and belief, all of the potential witnesses reside in New York. Additionally, to the extent that there may be any debt between Azzarello and NavAgility, it does

1  not make sense to litigate such matter in California. I also believe that all pertinent records and
2  documents are located in New York.
3  Signed this 30th day of May, 2008, under the pains and penalties of perjury:

*[signature]*
Anthony M. DiMarco