CHARLES H. JUNG (SBN 217909)
NASSIRI & JUNG LLP
251 Kearny Street, Suite 501
San Francisco, California 94108
Telephone: (415) 373-5699
Facsimile: (415) 534-3200
cjung@nassiri-jung.com

Attorneys for Defendant
NAVAGILITY, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TOM AZZARELLO,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>NAVAGILITY LLC,<br><br>　　　　　Defendant. | Case No. 08-CV-2371 MEJ<br><br>**REPLY MEMORANDUM IN SUPPORT OF NAVAGILITY'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE PURSUANT TO FED. R. CIV. P. 12(B)(2) AND (3)**<br><br>MAGISTRATE JUDGE<br>MARIA ELENA-JAMES<br><br>DATE:　July 10, 2008<br>TIME:　10:00 a.m.<br>COURTROOM B, 15th Floor |

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................ 2

ANALYSIS ................................................................................................................................ 3

    A.  The Operating Agreement Proves the Parties' Intent That Litigation Be in New York ...... 3

    B.  Venue in California Is Inappropriate Because a "Substantial Part" of the Relevant Events Did Not Occur in California ................................................................................................ 4

CONCLUSION .......................................................................................................................... 5

- 1 -

**REPLY MEMORANDUM IN SUPPORT OF NAVAGILITY'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE PURSUANT TO FED. R. CIV. P. 12(b)(2) AND (3)**
**CASE NO. 08-CV-2371 MEJ**

## PRELIMINARY STATEMENT

The Opposition to Motion to Dismiss (the "Opposition") filed by Tom Azzarello ("Azzarello") reinforces the grounds for dismissal or transfer of the above-captioned action. The more purported details that Azzarello supplies, the more obvious it becomes both that it was Azzarello who "reached out" to NavAgility, LLC ("NavAgility") seeking an investment opportunity and that forcing NavAgility to litigate in the Northern District of California is contrary to principles of due process, constitutes impermissible forum-shopping by Azzarello, and is unduly burdensome and prejudicial to NavAgility.

Furthermore, Azzarello's attempt to mischaracterize the underlying transaction as a "simple failure to repay a loan as promised" is belied by, *inter alia*, the pertinent documents, the Declaration of Anthony M. DiMarco in Support of NavAgility, LLC's Motion to Dismiss for Lack of Personal Jurisdiction Pursuant to F.R.C.P. 12(B)(2) and 12 (B)(3) (the "DiMarco Declaration"), the circumstances attendant to Azzarello's relationship with NavAgility, the glaring commercial unreasonableness of the terms as characterized by Azzarello, and the anticipated testimony of several New York-based witnesses. (See DiMarco Declaration ¶¶ 4-9). That Azzarello resided in California when he mailed an investment check to NavAgility's office in New York is mere happenstance and is sorely insufficient to constitute either "purposeful availment" or the "minimum contacts" necessary for personal jurisdiction to obtain.

Additionally, the various ephemeral "contacts" alleged to have occurred—such as "blast" emails to investors and alleged contact with representatives (not necessarily in California) affiliated with California-based multinationals—not only lack a nexus with the investment dispute raised by Azzarello but fail to constitute a "substantial part" of the disputed events or omissions required to support venue in California.

## ANALYSIS

### A. The Operating Agreement Proves the Parties' Intent That Litigation Be in New York

Azzarello's status as an investor is evidenced by his being one of five (5) signatories to the NavAgility, LLC Member-Managed Operating Agreement entered into as of February 23, 2005 (the "Operating Agreement") (a copy of the Operating Agreement is attached to the Supplemental Declaration of Anthony DiMarco in Support of NavAgility's Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue Pursuant to F.R.C.P. 12(B)(2) and 12(B)(3)). Of the signatories to the Operating Agreement, only Azzarello (a 2% member) is listed as having an address in a state other than New York.

Section 9.8 of the Operating Agreement provides, in pertinent part, as follows:

> 9.8 [non-] Exclusive Jurisdiction and Venue. Any suit involving any dispute arising under this agreement or relating to the organization or operation of the Company may [only] be brought in the United States District Court located in the State of New York or any New York state court having jurisdiction over the subject matter of the dispute or matter. All Members hereby consent to the exercise of personal jurisdiction by any such court with respect to any such proceeding and waive any objections to venue or inconvenient forum.

Operating Agreement § 9.8.

Forum selection clauses are presumptively valid if "venue is specified with mandatory language." American Home Assurance Co. v. TGL Container Lines, 347 F. Supp. 2d 749, 755 (N.D. Cal. 2004) (quoting Docksider Ltd. v. Sea Tech. Ltd., 875 F.2d 762, 769 (9th Cir. 1989)). Unfortunately, proofreading errors left bracketed material in the caption to Section 9.8 so that, arguably, the section may not unequivocally express the Members' intent. The attendant circumstances indicate, however, that a New York venue was not only expected but was agreed upon by all members.

At the least, this clause establishes that all investors contemplated and expected litigation affecting NavAgility to be brought in New York. If none else, Azzarello—by agreeing to submit

- 3 -

to jurisdiction in New York—contradicts his position that it would be a hardship for him to litigate there. Even if, *arguendo*, this clause were not interpreted to expressly mandate litigation exclusively in New York, the clause is sufficient to invoke the traditional analysis of *forum non conveniens*, an analysis that strongly favors NavAgility. Berg v. MTC Electronic Technologies, 61 Cal. App. 4th 349, 358-360, 71 Cal. Rptr. 2nd 523 (1998). There are numerous factors strongly favoring transfer to New York, such as the location of witnesses (all but Azzarello are from outside California), the location of documents, the expectations of the parties (as gleaned from the Operating Agreement), the creation and formation of the investment vehicle in dispute, and the governing law.

### B. Venue in California Is Inappropriate Because a "Substantial Part" of the Relevant Events Did Not Occur in California

The Opposition eviscerates the plain meaning of the phrase "a substantial part of the events or omissions giving rise to the claim occurred" contained in 28 U.S.C. § 1391(a) to the extent that such phrase would be rendered meaningless if given Azzarello's interpretation. This is as incorrect as it is offensive to the statutory scheme. Although intended (in appropriate circumstances) to allow venue in multiple jurisdictions, venue is proper in a particular district only "as long as 'a substantial part' of the underlying events took place in that district." Gulf Ins. Co. v. Glasbrenner, 417 F.3d 353, 356 (2d Cir. 2005). In fact, district courts are "caution[ed] . . . to take seriously the adjective 'substantial' . . . and to construe the venue statute strictly." Id. at 357; Jenkins Brick Co. v. Bremer, 32 F3d 1366, 1371 (4th Cir. 2003). That courts have, on occasion, found that "substantial" may not require a "majority" or a predominate number of factors should not mean that it is synonymous with "inconsequential." See Id.

The execution of a document and the sending of a check by Azzarello are more ministerial than substantial. This is particularly true in that the alleged wrong or omission was neither the execution of a letter agreement—which contains no "integration clause" and which NavAgility avers was only part of the investment opportunity—nor the mailing of a check to

- 4 -
**REPLY MEMORANDUM IN SUPPORT OF NAVAGILITY'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE PURSUANT TO FED. R. CIV. P. 12(b)(2) AND (3)**
**CASE NO. 08-CV-2371 MEJ**

1  New York. At issue in the litigation is whether, as alleged in the DiMarco Declaration—
2  NavAgility had the option of paying its investors back with equity. The documents and the
3  witnesses to prove the delineated are not in California. The impact of any decisions made
4  concerning this are matters of New York law, will affect a New York entity and will have severe
5  repercussions on a numerous New York-based individuals. And since it was Azzarello who
6  sought to participate in what would otherwise be a venture with no California contacts, it is
7  reasonable, fair, and a fulfillment of the parties expectations to have any litigation occur in New
8  York.

## CONCLUSION

11  For the foregoing reasons, no personal jurisdiction obtains regarding NavAgility nor is
12  venue proper in California. If the action is not dismissed, it should be transferred to the Southern
13  District of New York, the only venue in which NavAgility can defend itself without undue cost
14  and prejudice.

Dated:  June 26, 2008.                              Respectfully submitted,

NAVAGILITY, LLC
By Its Attorneys,

    /s/ Charles H. Jung
Charles H. Jung
NASSIRI & JUNG LLP
251 Kearny Street, Suite 501
San Francisco, California 94108
Telephone:  (415) 373-5699
Facsimile:  (415) 534-3200
cjung@nassiri-jung.com

- 5 -
**REPLY MEMORANDUM IN SUPPORT OF NAVAGILITY'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE PURSUANT TO FED. R. CIV. P. 12(b)(2) AND (3)**
**CASE NO. 08-CV-2371 MEJ**