ROBERT A. HUDDLESTON, ESQ., SBN 83662
JOAN E. PRESKY, ESQ., SBN 144272
**HUDDLESTON LAW GROUP**
500 Ygnacio Valley Road, Suite 300
Walnut Creek, CA 94596
Telephone:  (925) 947-0100
Facsimile:  (925) 947-0111

Attorneys for Plaintiff TOM AZZARELLO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOM AZZARELLO,<br><br>             Plaintiff,<br><br>     v.<br><br>NAVAGILITY LLC, a limited liability corporation; ANTHONY M. DI MARCO, an individual and DOES 1 - 10, inclusive,<br><br>             Defendant. | CASE NO. 3:08-cv-2371-MEJ<br><br>Date:       July 10, 2008<br>Time:       10:00 a.m.<br>Room:      B, 15th Floor<br><br>**OBJECTION TO EVIDENCE**<br><br>Hon. Maria-Elena James<br><br>Action Filed: May 8, 2008 |

Plaintiff TOM AZZARELLO ("AZZARELLO") hereby objects to the following evidence presented by defendant NAVAGILITY, LLC in connection with its Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue Pursuant to F.R.C.P. 12(B)(2) and 12(B)(3):

Supplemental Declaration of Anthony M. DiMarco In Support of Navagility, LLC's Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue Pursuant to F.R.C.P. 12(B)(2) and 12(B)(3): AZZARELLO objects to this evidence on the ground that it is submitted for the purpose of introducing new facts and different legal arguments in the reply brief than presented in the moving papers. Zamani v. Carnes, 491 F.3d 990, 997 (9th Cir. 2007).  The asserted existence of a forum selection clause is something that should have been brought up in NAVAGILITY, LLC's moving papers, and not as an afterthought in a reply brief.  The fact is, and the reason this purported forum selection clause was not mentioned before, is that it is not a forum selection clause that is applicable

1  to an action on a loan, and is not relevant to this action at all. The fact that defendant brings up this
2  supposed forum selection clause for the first time in its reply brief is improper in that if there were
3  in fact an applicable forum selection clause, it would be a basis to dismiss on venue grounds. The
4  fact that they did not bring it up before is likely because they knew all along that it had no application
5  to this lawsuit, which does not fall within the meaning of the clause and which does not have
6  anything at all to do with personal jurisdiction over NAVAGILITY, LLC. Moreover, if there are
7  contested facts bearing on the enforceability of a forum selection clause the court is obligated to
8  draw all reasonable inferences in favor of the non-moving party and resolve all factual conflicts in
9  favor of the non-moving party. Murphy v. Schneider National, Inc., 362 F.3d 1133, 1138 (9th Cir.
10 2004). Thus, the ambiguity in the language cannot be assumed to mean what NAVAGILITY, LLC
11 wants it to mean.

12 AZZARELLO further objects to this evidence on the ground that it is not relevant to
13 AZZARELLO's action. AZZARELLO's action relates to a loan made to NAVAGILITY, LLC.
14 AZZARELLO briefly mentioned the NAVAGILITY, LLC Operating Agreement in his Opposition
15 to Motion to Dismiss, noting that NAVAGILITY, LLC sent it to him in California, but the instant
16 lawsuit does not arise out of the Operating Agreement. The language of the Operating Agreement
17 that defendant purports to quote in its Reply Memorandum states "[a]ny suit involving any dispute
18 arising under this agreement or relating to the organization or operation of the Company may be
19 brought in the United States District Court located in the State of New York..." Defendant
20 completely misrepresents the language of the Operating Agreement by attempting to add operative
21 words to change the meaning of this provision. Defendant states that what it is supposed to say is
22 "[a]ny suit involving any dispute arising under this agreement or relating to the organization or
23 operation of the Company may *[only]* be brought in the United States District Court located in the
24 State of New York..." That is an important word addition. Defendant's new version of the
25 Operating Agreement language makes the venue selection clause mandatory, rather than
26 discretionary, which is not what it actually said.

27 In any case, this language does not apply to and is irrelevant to AZZARELLO's action
28 because the action does not arise out of the operating agreement or relate to the organization or

1  operation of NAVAGILITY, LLC. Furthermore, that AZZARELLO may have consented to personal
2  jurisdiction in New York for the purposes of a dispute arising out of the operating agreement, does
3  not negate or have anything to do with the fact that jurisdiction over NAVAGILITY, LLC is proper
4  in California.

5      Plaintiff will respectfully request the court at the hearing on the motion to sustain the above
6  objection and to strike the evidence referred to above.

7  DATED: July 1, 2008    **LAW OFFICE OF**
                                    **ROBERT A. HUDDLESTON**

                                 By _____
                            per JOAN E. PRESKY, ESQ.
                            Attorneys for Plaintiff TOM AZZARELLO

HUDDLESTON LALW GROUP
500 Ygnacio Valley Road, Suite 300
Walnut Creek, CA 94596
Tel: (925) 947-0100
Fax: (925) 947-0111

---

3
OBJECTION TO EVIDENCE
C:\Documents and Settings\All Users\Documents\9250\Pld\Objection.to.Evidence.wpd/mh